UNITED STATES DISTRICT COURT
WESTERN DISTRICT of TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| LEON BREWER, TDCJ # 1685714, | § | |
| | § | |
| Petitioner | § | |
| | § | |
| v. | § | Civil Action |
| | § | No. SA-13-CA-427-DAE |
| WILLIAM STEPHENS, | § | |
| Texas Department of Criminal Justice | § | |
| Institutional Division Director, | § | |
| | § | |
| Respondent | § | |

# MEMORANDUM DECISION

Before the Court is Petitioner Leon Brewer's 28 U.S.C. § 2254 Habeas

Corpus Petition (Dkt. # 1) and Respondent's Motion to Dismiss as Time-Barred

(Dkt. # 7).

# I.

Petitioner Brewer was convicted of illegal possession of a firearm by a

felon and was sentenced to fourteen years in *State v. Brewer*, No. 2009-CR-7532

(Tex. 437th Jud. Dist. Ct., *jmt. entered* Mar. 22, 2010). His conviction was

affirmed January 5, 2011 by the Texas Court of Appeals. *Brewer v. State*, No. 4-

10-260-CR, 2011 WL 61715 (Tex. 4th Ct. Apps., *no pet.*). His State habeas

corpus application filed October 27, 2011, was denied by the Texas Court of

Criminal Appeals February 15, 2012. *Ex parte Brewer*, No. 77,137-1.

Brewer's § 2254 Petition contends: his case was tried to the judge notwithstanding that he did not waive his right to trial by jury; and his counsel was ineffective for not seeking suppression of the State's evidence.

## II.

Federal habeas corpus relief is available only where the petitioner demonstrates he is in custody in violation of his constitutional or other federal rights. 28 U.S.C. §§ 2241, 2254. State law errors that do not implicate constitutional rights are not a basis for habeas corpus relief. *Estelle v. McGuire*, 502 U.S. 62, 67, 112 S. Ct. 475, 116 L. Ed. 2d 385 (1991). Rule 2(d) of the Rules Governing § 2254 Proceedings states the petition "shall set forth in summary form the facts supporting each of the grounds." Conclusory and speculative allegations are not sufficient to entitle a petitioner to a hearing or relief in a § 2254 case. *West v. Johnson*, 92 F. 3d 1385, 1398-99 (5th Cir. 1996), *cert. denied*, 520 U.S. 1242 (1997); *Perillo v. Johnson*, 79 F. 3d 441, 444 (5th Cir. 1996).

Section 2254(b)(1)(A) requires the petitioner to exhaust available state court remedies before seeking federal habeas corpus relief. To exhaust state remedies in Texas, a petitioner must present his claim to the Texas Court of Criminal Appeals by direct appeal or through a post-conviction writ application. *Richardson v. Procunier*, 762 F. 2d 429, 431 (5th Cir. 1985). Section 2254(d) requires this Court to defer to the state court's reasonable interpretations of federal law and reasonable determinations of fact in light of the evidence presented in the

state proceedings.  Factual determinations of a state court are "presumed to be correct" and the petitioner has the burden of rebutting this presumption by "clear and convincing evidence."  28 U.S.C. § 2254(e)(1).

- A -

Respondent contends Brewer's Petition is barred by the one-year statute of limitation of 28 U.S.C. § 2244(d) which provides in relevant part:

>   (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from . . .

>   (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]

>   . . . .

>   (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Brewer's conviction became final February 7, 2011, when his time for seeking discretionary review with the Texas Court of Criminal Appeals expired. *See* Tex. R. App. P. 68.2(a) (providing such a petition must be filed within thirty days following the court of appeals judgment).  There was more than a two year and three month interval between the time his conviction became final and the filing of his federal Petition on May 8, 2013.  Excluding the approximate three and a half months his State habeas corpus application was pending, there was more

than a one year and eleven month interval between the finality of his conviction and the filing of his § 2254 Petition, *see* 28 U.S.C. § 2244(d)(2); and thus Brewer's Petition is untimely and barred by limitations.

Brewer contends his untimely § 2254 Petition should be excused because he did not learn his State habeas application was denied until February 19, 2013 after he enquired about the status of his case. A habeas petitioner is entitled to equitable tolling only where he shows some extraordinary circumstance prevented timely filing and he has diligently pursued his rights. *Holland v. Florida,* 560 U.S. 631, 130 S. Ct. 2549, 2562, 177 L. Ed. 2d 130 (2010). Because Brewer's § 2254 Petition was untimely *by more than eleven months* he failed to exercise reasonable diligence in seeking relief. *See Koumjian v. Thaler*, 484 F. App'x 966, 969 (5th Cir. 2012) ("We have held that delays of as little as four and six months precluded a finding of diligence."), *cert. denied*, 2013 WL 5507495 (U.S., Oct. 7, 2013).

Lack of representation, lack of legal training, ignorance of the law, and unfamiliarity with the legal process do not justify equitable tolling. *U.S. v. Petty*, 530 F. 3d 361, 365-66 (5th Cir. 2008). Petitioner does not allege newly discovered facts that could not have been previously discovered with the exercise of due diligence and fails to assert any other basis for excusing his failure to timely file his federal Petition. Brewer's federal Petition is untimely and barred by § 2244(d).

- B -

In any event, Brewer's Petition is also without merit.

Brewer claims his right to trial by jury was violated because the case was tried to the court and he did not effectively waive his right to a jury.  The record shows this issue was raised and rejected on direct appeal before the Texas court of appeals, *see Brewer v. State*, 2011 WL 61715 at **1-2, however Brewer failed to present the issue to the Texas Court of Criminal Appeals in a petition for discretionary review.  The State Habeas Court declined to address the issue ruling that because the issue could have been raised at the Texas Court of Criminal Appeals and was raised on direct appeal at the Texas Court of Appeals, it could not be raised in a state habeas corpus application.  *Ex parte Brewer*, No. 77,137-1 at 112.  Because this claim was not presented to the Texas Court of Criminal Appeals on direct appeal in conformance with state procedure, and because this claim is procedurally barred from state habeas corpus review, this claim is unexhausted and procedurally barred in this federal habeas corpus proceeding. *See Neville v. Dretke*, 423 F. 3d 474, 480 (5th Cir. 2005) (when a petitioner is "procedurally barred from raising his claims in state court," his "unexhausted claims are 'plainly meritless'" and "procedurally defaulted").

Furthermore, the Texas Court of Appeals ruled that Brewer was aware of his right to trial by jury and he waived that right, *Brewer v. State*, 2011 WL 61715 at **1-2; this ruling is supported by the record, *see Ex parte Brewer*, 77,137-1 at 106; and therefore the issue is without merit.

- 5 -

Brewer also contends his counsel was ineffective for failing to preserve the suppression issue.  The record however shows Brewer's motion to suppress was denied following a hearing and the Texas Court of Appeals upheld that ruling. *See Brewer v. State*, 2011 WL 61715 at **2-3.  Because counsel raised the suppression issue at trial and on appeal, there is no basis for his claim counsel was ineffective for failing to raise the issue.

The state courts' denial of Brewer's claims is reasonably supported by the record and is consistent with federal law as required by § 2254(d), *Brewer v. State*, 2011 WL 61715; *Ex parte Brewer*, No. 77,137-1 at 108-12; therefore, this Court is compelled to reach the same conclusion that Brewer's Petition is without legal or factual merit and must be denied.  Furthermore, a habeas corpus petitioner is not entitled to relief or a hearing on his claims where: he failed to allege a basis for relief, he offers "conclusory allegations unsupported by specifics, contentions that in the face of the record are wholly incredible," *Perillo v. Johnson*, 79 F. 3d at 444, or allegations that can be resolved on the record, *Lawrence v. Lensing*, 42 F. 3d 255, 258-59 (5th Cir. 1994).  Brewer is not entitled to habeas relief or a hearing on his Petition because his claims are conclusory, refuted by the record, or without legal merit.

III.

Accordingly, Respondent's Motion to Dismiss (Dkt. # 7) is **GRANTED** and Petitioner Brewer's § 2254 Petition (Dkt. # 1) is **DENIED** and **DISMISSED WITH PREJUDICE.** All other pending motions are **DENIED** as moot. Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing this Court's procedural rulings are incorrect as required by Fed. R. App. P. 22 for a certificate of appealability, *see Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000), and therefore this Court **DENIES** Petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings.

IT IS SO ORDERED.

DATED: October 21, 2013

_____
David Alan Ezra
Senior United States Distict Judge

- 7 -